**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**SHAHEAN ATKINSON,**

                              **Plaintiff,**

    vs.                                        **9:15-CV-65
                                                   (MAD/TWD)**

**HUNTINGTON,** *Correction Officer***, and
RAINVILLE, Sgt.,**

                              **Defendants.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**SHAHEAN ATKINSON
13-A-3032**
Wyoming Correctional Facility
P.O. Box 501
Attica, New York 14011
Plaintiff *pro se*

**LEMIRE, JOHNSON & HIGGINS, LLC**    **GREG T. JOHNSON, ESQ.**
P.O. Box 2485                                **APRIL J. LAWS, ESQ.**
2534 Route 9                                    **BRADLEY J. STEVENS, ESQ.**
Malta, New York 12020
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff commenced this action in January of 2015, asserting that his civil rights were violated while he was confined at Warren County Correctional Facility ("Warren C.F."), during the period from April 9, 2013 through June 26, 2013. *See* Dkt. No. 1. The complaint alleges claims of excessive force, denial of proper and adequate medical care, and retaliation in violation of his constitutional rights. *See* Dkt. No. 1. Upon initial review, the Court dismissed all of Plaintiff's claims, except for his excessive force claims against Defendants Huntington and Rainville. *See* Dkt. No. 8.

On December 14, 2015, Defendants moved for summary judgment on the remaining claims. *See* Dkt. No. 41. In their motion, Defendants argue that Plaintiff's claims must be dismissed on multiple grounds, including the following: (1) failure to exhaust his administrative remedies; (2) the absence of any evidence from which a reasonable factfinder could conclude that Plaintiff sustained anything other than *de minimis* injuries as a result of the alleged incidents in May 2013 involving Defendant Huntington; (3) the record evidence fails to give rise to a genuine dispute of material fact regarding whether Defendant Rainville violated Plaintiff's Fourteenth Amendment rights; and (4) Defendants are entitled to qualified immunity. *See* Dkt. No. 41-19 at 12-25. Plaintiff opposed Defendants' motion and Defendants filed a reply in further support. *See* Dkt. Nos. 50 & 51.

In a August 19, 2016 Order and Report-Recommendation, Magistrate Judge Dancks recommended that the Court grant Defendants' motion in its entirety. *See* Dkt. No. 53. First, Magistrate Judge Dancks found that Plaintiff failed to exhaust his administrative remedies and that none of the exceptions to the exhaustion requirement apply to the present matter. *See id.* at 13-16. Second, Magistrate Judge Dancks recommended that the Court find that, even if Plaintiff had exhausted his administrative remedies, Defendants are still entitled to summary judgment. *See id.* at 16-22. Magistrate Judge Dancks noted that Plaintiff has provided contradictory and inconsistent testimony, which is further contradicted by the record. *See id.* Moreover, Magistrate Judge Dancks found that, even if summary judgment was not warranted under *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005), it is nevertheless appropriate because, by Plaintiff's own account, he did not suffer any injuries as a result of the alleged incident. *See* Dkt. No. 53 at 21-22. Finally, Magistrate Judge Dancks noted that, in his opposition, Plaintiff asks the Court for permission to amend the complaint to include claims against "Inspector Marlo Barbozza and

2

Glens Falls . . . Police Officer Gerald Willette, as well as the Warren County Correctional Facility[.]" *Id.* at 22-23; *see also* Dkt. No. 50 at 8.  In denying this request, Magistrate Judge Dancks noted that "Plaintiff's original Complaint named Barboza and Willette as Defendants." Dkt. No. 53 at 23.  Further, the Order and Report-Recommendation noted that, in its initial review, the Court dismissed these claims and advised Plaintiff that he could file an amended complaint if he wished to pursue these claims.  *See id.* (citing Dkt. No. 8 at 13, n.7).  Despite being provided this opportunity, Plaintiff did not move to amend his complaint and Magistrate Judge Dancks found that permitting such an amendment at this late stage would be unduly prejudicial to Defendants.  *See id.*  Neither party objected to Magistrate Judge Dancks' Order and Report-Recommendation.

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law.  *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted).  When analyzing a summary judgment motion, the court "'cannot try issues of fact; it can only determine whether there are issues to be tried.'"  *Id.* at 36-37 (quotation and other citation omitted).  Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party.  *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted).  Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of

3

material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather, the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment. *See id.* at 295 (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence" is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations

4

for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having carefully reviewed Magistrate Judge Dancks' Order and Report-Recommendation, the parties' submissions, and the applicable law, the Court finds that Magistrate Judge Dancks correctly determined that the Court should grant Defendants' motion for summary judgment and dismiss this action. First, Magistrate Judge Dancks correctly determined that the undisputed facts establish that Plaintiff failed to exhaust his administrative remedies and no special circumstances exist to excuse this failure. Plaintiff acknowledged that he received a copy of the Warren County C.F. Inmate Rules and Regulations upon entering the facility and further testified that "an older

5

guy" explained the grievance procedure. *See* Dkt. No. 41-2; Dkt. No. 52 at 53. Further, Plaintiff repeatedly filed grievances regarding other alleged incidents while at Warren County C.F. *See, e.g.*, Dkt. No. 41-6 at 12. Further, the record is devoid of any evidence suggesting that Defendants "thwarted" Plaintiff "from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016).

Moreover, the Court finds that Magistrate Judge Dancks correctly determined that, even if Plaintiff exhausted his administrative remedies, Defendants are still entitled to summary judgment because Plaintiff's inconsistent and contradictory testimony is belied by the evidence in the record and no reasonable jury could credit Plaintiff's testimony. *See Jeffreys*, 426 F.3d at 554. Plaintiff relies exclusively on his own contradictory and conclusory testimony and it is overwhelmingly contradicted by the evidence produced by Defendants. Plaintiff's version of events in his testimony and complaint are contradicted by Defendants, declarations by non-party witnesses, and, indeed, by his own grievances and opposition papers. *See, e.g.*, Dkt. No. 41-16 at 2-3; Dkt. No. 41-17 at 2; Dkt. No. 41-18 at 2-4; Dkt. No. 41-13 at 10-11; Dkt. No. 41-8; Dkt. No. 41-6 at 3-4, 12-13. Finally, the Court finds that, even if the *Jeffreys* exception did not apply, summary judgment is still warranted because the undisputed facts establish that Plaintiff suffered only a *de minimis* injury as a result of the alleged conduct. *See* Dkt. No. 52 at 75-77; Dkt. No. 50-1; Dkt. No. 52 at 78, 122-123. These alleged injuries are insufficient to support Plaintiff's alleged excessive force claim. *See Brown v. City of New York*, No. 14-cv-2700, 2015 WL 427942, \*5 (E.D.N.Y. Feb. 2, 2015) (citation omitted).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Order and Report-Recommendation is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 41) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 19, 2016
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge